### 6664. SMITH *v.* THE STATE.

RUSSELL, C. J. 1. Any endeavor to elucidate the meaning of a term so palpably plain as "reasonable doubt" is liable to be confusing to the jury, but the exception to the instruction of the court upon the subject of reasonable doubt in the present case is not for the reasons stated erroneous.

2. The court correctly instructed the jury that if one of two or more cotenants disposed of a crop or a part of a crop before the landlord had been settled with for his rent and advances made upon the crop, without the consent of the landlord and to his hurt and damage, the cotenant so disposing of the crop would be guilty, whether the other cotenants participated in the sale or not.

3. The fact that a landlord has assented to the sale of other crops or to the sale of a portion of a particular crop by a tenant or cropper will not justify the tenant or cropper in selling any other portion of the crop, should the landlord see fit to object; for any sale in violation of the provisions of section 721 of the Penal Code is at the peril of the seller, and the landlord's assent or consent to a previous sale could, as a matter of defense, be used only in rebutting the presumption that the accused was actuated by fraudulent intent.

4. In the absence of an appropriate request that the jury be instructed that a fraudulent intent is an essential element of a violation of sec-

tion 721 of the Penal Code, it was not reversible error for the trial judge, after having read to the jury sections 720 and 721, to omit to call their attention specifically to this element, in charging them, "If you should find that part of that crop was sold without her consent and to her hurt and injury, the defendant would be guilty under this section, and it ·would be your duty to convict him." Section 721. merely extends the provisions of section 720 so as to include a lien for rent and advances made upon crops of landlord's employers and others, and the reading of section 720 itself calls attention of the jury to the necessity of proof of fraudulent intent. A fraudulent intent is to be implied when the proof demonstrates a clear violation of the provisions of section 721 of the Penal Code.

5. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.     *Judgment affirmed.*

DECIDED JANUARY 28, 1916.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. May 12, 1915.

*Burch & Burch, C. A. Weddington,* for plaintiff in error.

*S. P. New, solicitor,* contra.